(Reap. Dec. 9681)

RANCHO LA ZACATOSA v. UNITED STATES

Entry No. 543–E, etc.

(Decided April 25, 1960)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, (*Murray Sklaroff*, trial attorney), for the defendant.

JOHNSON, Judge: The merchandise involved in these appeals for reappraisement, consolidated at the trial and listed on the schedule attached hereto and made a part hereof, consists of decapped okra, broccoli, and brussels sprouts imported into the United States from Mexico.

When these cases were called for trial, counsel for the respective parties stipulated as follows:

MISS SHOSTAK: Plaintiff offers to stipulate with Government counsel, subject to the approval of the court, as follows:

1. That the merchandise the subject of the appeals for reappraisement consolidated herein consists of okra, broccoli and brussels sprouts, imported into the United States from Mexico.

2. That the merchandise was entered on the basis of foreign value as defined in Section 402(c) of the Tariff Act of 1930, as amended, as follows:

Decapped okra—25 centavos per kilo.
Broccoli—40 centavos per kilo.
Brussels Sprouts—50 centavos per kilo.

3. That on or about the dates of exportation involved herein, such or similar merchandise was not freely offered for sale in Mexico for exportation to the United States.

4. That the merchandise was appraised on the basis of cost of production as defined in Section 402(f) of the Tariff Act of 1930 as amended.

5. That the facts with respect to the sale in Mexico of the merchandise here involved are the same and the issues involved herein are the same in all material respects as the facts and issues which were the subject of the decision in Rancho La Zacatosa v. United States, Reappraisement Decision 9413, where the Court held that there was no export value for such or similar merchandise as that value is defined in Section 402(d) of the Tariff Act of 1930 as amended, and that the foreign value as defined in Section 402(c) of the Tariff Act of 1930 as amended was the proper basis for the determination of the value of the merchandise there under consideration, and that such statutory value was the entered value.

6. That the record in Reappraisement Decision 9413 may be incorporated herein.

7. That the appeals for reappraisement consolidated herein may be deemed submitted for decision upon this stipulation and the record thus made.

8. It is further agreed that plaintiff will submit a Schedule of the appeals for reappraisement consolidated herein, setting out the entry numbers and merchandise covered by each of the appeals.

Mr. SKLAROFF: Based an information obtained from Appraiser Ornes, who is here in court, the Government so stipulates.

On the record presented, I find that foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the merchandise involved herein, and that such values, f.o.b. Piedras Negras, are:

Decapped okra____ 25 centavos per kilo
Broccoli _____ 40 centavos per kilo
Brussels sprouts_ 50 centavos per kilo

Judgment will be rendered accordingly.